IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2006

## RODERICK HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P28324     W. Otis Higgs, Judge**

---

**No. W2005-01102-CCA-R3-PC  - Filed February 27, 2006**

---

The Petitioner, Roderick Harris, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief.  In 2004, he pled guilty to aggravated robbery and received a sentence of ten years.  On appeal, the Petitioner argues that trial counsel was ineffective for failing to seek a pretrial mental evaluation.  After a review of the record, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Roderick Harris.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Patience Branham, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Factual Background

The following facts, relevant to the circumstances surrounding the Petitioner's conviction for aggravated robbery, were developed at the guilty plea hearing:

> . . . September 7th, 2002 the victim, Jerry Robinson, was sitting in his room at the boarding house at 1119 Patton when three males entered his room, grabbed him and pulled him down the stairs.
>
> They struck him with a cane, which was the victim's own cane, and a stick. The victim advised he was then taken outside where he was continued to be beat.  He

was struck in the head, the face, the right -- and the right eye. There was also $300 taken from his pocket during the incident.

The victim was able to identify two of the suspects, one is [the Petitioner] and one is a co-defendant . . . . [The Petitioner] was arrested on a warrant on January 13th, 2003 for this incident. This did occur in Memphis, Shelby County . . . .

During the May term of 2003, a Shelby County grand jury indicted the Petitioner for especially aggravated robbery. Pursuant to a negotiated plea agreement, the Petitioner pled guilty to aggravated robbery on January 7, 2004, and received a sentence of ten years in the Department of Correction as a Range I, standard offender. In March of 2004, the Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed on September 8, 2004, alleging multiple grounds of ineffective assistance of counsel. A hearing was held on March 11, 2005, at which only the Petitioner and trial counsel testified. After hearing the evidence presented, the post-conviction court entered an order on April 25, 2005, denying the petition. This timely appeal followed.

## ANALYSIS

On appeal, the Petitioner raises the single issue of whether he received the ineffective assistance of counsel. Specifically he argues:

Trial counsel's failure to have [the Petitioner] evaluated to determine his competency to stand trial constitutes ineffective assistance and calls into question the validity of the guilty plea. That is to say given [the Petitioner's] diagnosis[1] and medication it is likely that he did not a make [sic] knowing waiver of his right to a jury trial. . . .

[The Petitioner's] testimony at the post-conviction hearing clearly establishes that he was under the care of a "psche-ward doctor" and that he was taking the drug "Elavil, 150 milligrams." [The Petitioner] also testified that he told [trial counsel] this on at least two occasions. . . . Moreover, the guilty plea transcript is devoid of any mention of whether or not [the Petitioner] was currently taking medication for depression. . . .

Based on [the Petitioner's] testimony one can conclude that [trial counsel] failed to move the court to have [the Petitioner] evaluated and that such failure constitutes ineffective assistance of counsel. Additionally, because there is no

---

[1]The only reference to a "diagnosis" found in the record is post-conviction counsel's reference to "anti-depressant behavior."

inquiry as to whether [the Petitioner] was taking medication at the time of the guilty plea calls into question whether there was knowing waiver.

The State argues that the post-conviction court properly determined that trial counsel was not ineffective for failing to request a mental evaluation when trial counsel testified that there was no indication that an evaluation was warranted.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee the criminally accused the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court held, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Alford, 400 U.S. at 31. In the context of a guilty plea, to satisfy the second prong of Strickland, the Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629

-3-

S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

Upon review of the record, we conclude that the evidence does not preponderate against the findings of the post-conviction court. Trial counsel and the Petitioner met on multiple occasions to prepare for trial. Contrary to the assertions of the Petitioner, trial counsel stated that the Petitioner did not inform him that he was diagnosed with "anti-depressant behavior" or that he was taking medication. According to trial counsel, the Petitioner had no indication of mental problems. Trial counsel testified,

> I had every reason to believe that he was competent. We discussed the charges. In fact, he told me that, after we discussed the charges on September the 14th, that he would plead to an aggravated assault, but not the robbery. We discussed the elements of especially aggravated robbery. And we discussed the elements of the aggravated assault. He admitted his involvement with the aggravated assault, but denied the robbery and told me he would plead to the aggravated assault. So I had every reason to believe he was competent.
>
> And, he gave me a list of many witnesses names who he wanted me to track down. We discussed the statement that he had given, a motion to suppress that. I had no reason to believe that he was not competent to stand trial.

Moreover, trial counsel stated that he explained the consequences of a guilty plea to the Petitioner and that the trial judge also explained the Petitioner's rights to him at the time of his guilty plea.

The post-conviction court determined that the Petitioner's "testimony that he requested a mental evaluation is insufficient in and of itself to indicate that an evaluation was needed, especially in light of Counsel's testimony that competency was not an issue." The testimony at the post-conviction hearing reveals that the lines of communication were open and used by both the Petitioner and his trial counsel, allowing the Petitioner to make well-informed decisions and assist in his defense. Moreover, the guilty plea transcript reveals that the trial judge carefully reviewed the rights that the Petitioner was waiving and confirms that the Petitioner responded appropriately to questions.

In sum, the Petitioner has failed to prove by clear and convincing evidence that trial counsel's failure to request a mental evaluation prior to his plea constituted deficient performance.

Further, trial counsel's performance cannot be deemed deficient for failure to secure a mental evaluation in the absence of a factual basis to support a mental evaluation. See Harold Wayne Shaw v. State, No. M2003-02842-CCA-R3-PC, 2005 WL 1252620 (Tenn. Crim. App., Nashville, May 25, 2005); Charles William Young v. State, No. M2002-01815-CCA-R3-PC, 2004 WL 305790 (Tenn. Crim. App., Nashville, Feb. 18, 2004); Edward A. Wooten v. State, No. 01C01-9702-CC-000067, 1998 WL 255440 (Tenn. Crim. App., Nashville, May 21, 1998). Accordingly, we conclude that the Petitioner has failed to demonstrate that trial counsel was ineffective for failing to pursue a mental evaluation. This issue is without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

_____
DAVID H. WELLES, JUDGE

-5-